## Condemnation Proceedings of Redevelopment of Germantown Area et al.

*James W. Greenlee*, for condemnor.
*Lewis Kates*, for condemnee.

GREENBERG, J., March 1, 1971.—The issue raised in the record now before the court is whether or not under the Eminent Domain Code a tenant-condemnee may be required by the condemnor to pay rent where the said tenant continues in occupancy as a condemnee of the said premises for the conduct of his business.

The tenants contend in effect that under the provisions of section 611 of the Eminent Domain Code of June 22, 1964, P. L. 84, 26 PS §1-611, a condemnor is not entitled to collect rent. Section 611 provides in relevant part:

"The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, *nor during such period shall a condemnor be entitled to rent* or other

charges for use and occupancy of the condemned property by the condemnee." (Italics supplied.)

The tenants argue that since the legislature provided in that section that a condemnor is not entitled to rent under certain circumstances and that section is silent as to the condemnor's right to receive rent at any time, it follows that a condemnor is never entitled to rent. In rejecting a similar argument, Judge Cercone, of the Superior Court, in the recent case of Pittsburg Urban Redevelopment Authority v. Cleban et ux., 216 Pa. Superior Ct. 269, March 19, 1970, said, at page 278:

"It would appear to this court, however, that just the opposite reasoning should govern: that since the legislature has stated when the condemnor is not entitled to receive rent (that is, as an offset to delay compensation), that in all other cases the condemnor is entitled to rent where the condemnee remains in possession after condemnor's right to possession accrues and no delay compensation is due condemnee."

Any question concerning the Redevelopment Authority's right to possession in these cases is moot and now is not before the court. Under these circumstances, there can be no question that the Redevelopment Authority is entitled to receive rent.

Neither common law nor the Eminent Domain Code can be construed to vest in a condemnee either a special unique benefit nor the imposition of a special detriment. Neither uncompensated economic loss nor the bestowing of windfall of economic gain should be visited on a condemnee, be he tenant, fee owner or the holder of other cognizable property interest by reason of the involuntary taking of property by government for lawful purposes: Gottus v. Redevelopment Authority of Allegheny County, 425 Pa. 584 (1967); Singer v. Redevelopment Authority of Oil City, 437 Pa. 55 (1970).

For a tenant to be excused from the continued obligation to pay rent merely because the premises the tenant occupies has been condemned would occasion a windfall gain, particularly in view of the fact that constitutional mandate and the Eminent Domain Code mandate full compensation to the tenant as a condemnee, for the losses the tenant sustains by having his occupancy as a tenant interrupted on the date of condemnation as a matter of law and at some future time when the tenant is forced to vacate as a matter of fact.